IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN  DIVISION

| | |
|---|---|
| **RHONDA A. HENSON,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | **CV-11-BE-70-E** |
| **HEALTHSOUTH CORPORATION,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION**

This matter is before the court on "Defendant HealthSouth Corporation's Motion for Summary Judgment" (doc. 16); and "Defendant HealthSouth Corporation's Motion to Strike" (doc. 23).  On May 18, 2012, the court held a hearing on these motions.  For the reasons stated on the record of the hearing and summarized below, the court finds that both motions are due to be GRANTED.

Motion to Strike

The court FINDS that  the Plaintiff has not established that the challenged unsworn document, sent to the Defendant by some anonymous person seven months after the decision to terminate the Plaintiff, is relevant to that decision, and that it falls under an exception to the hearsay rule.  Therefore, the motion to strike Exhibit 3 to Plaintiff's response (doc. 22-4)  is due to be GRANTED.

1

Motion for Summary Judgment

The Defendant's motion for summary judgment encompassed both counts of the Complaint: Count I's claim for disparate treatment based on age in violation of the ADEA, and Count II's claim for disability discrimination in violation of the ADA as amended by the ADAA.

The evidence presented reflects that night shift workers complained of two Patient Care Techs—Cory Clayton and Seth Ulrich—under the Plaintiff's supervision routinely sleeping at the nurse's station during their night work shifts. When the Defendant investigated a complaint about this conduct, other night shift employees confirmed those techs' habit of sleeping on-the-job, and significantly, both Clayton and Ulrich admitted to sleeping *routinely* during their work shifts, and Defendant terminated them for this conduct. Further, in addition to his admission of routine on-the-job sleeping, Clayton also specifically admitted sleeping on his work shift during of the evening of November 15-16, 2012, when the Plaintiff was the charge nurse. Another of the PCTs working the same shift confirmed on November 16 that Clayton had slept at the nurse's station *for hours at a time* the previous evening. The evidence reflected that despite Clayton's admission, and the other PCT's confirmation of the extent of his sleeping at the nurse's station that night, the Plaintiff denied that Clayton had slept during the night shift of November 15-16, 2012. On November 18, 2012, the Defendant terminated the Plaintiff's employment on the basis of dishonesty.

As to the claim for disparate treatment based on age in Count I, the court FINDS that the Plaintiff has failed to meet her burden to show that HealthSouth's legitimate, nondiscriminatory reason for terminating the Plaintiff was pretextual. The Defendant's proffered reason—dishonesty—was one that "might motivate a reasonable employer," and thus, the

Plaintiff's attempt to "quarrel[] with the wisdom of the reason" instead of rebutting the reason and meeting it "head on" as a pretext for discrimination, means that she cannot succeed in establishing pretext. *See Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000). An employer "is entitled to rely on its good faith belief of falsity, concealment, and so forth," *EEOC v. Total Sys. Servs.,* 221 F.3d 1171, 1176 (11th Cir. 2000), and the Plaintiff has presented no evidence that the Defendant's belief in the Plaintiff's dishonesty, regardless of whether it was correct, was not held in good faith.

Although the Plaintiff claims to have established pretext by pointing to the Defendant's more favorable treatment of other employees, the Plaintiff presented no evidence of a similarly situated comparator outside the Plaintiff's protected class who was treated differently. The only alleged comparator who even approached similarity was the other night shift charge nurse, Lou Douglas, who was given a written warning but was not terminated for the PCTs' routine sleeping during the night shift. The court finds that Douglas was not similarly situated because, unlike the Plaintiff, she did not deny that PCTs such as Clayton were routinely sleeping on the night shift but in fact raised this issue with her supervisor. In addition, the Plaintiff did not establish that Douglas was outside her protected class as to the age discrimination claim.

The court further FINDS that the Plaintiff has failed to establish that age discrimination was the "but-for" cause of her adverse employment action, as required under *Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 167 (2009). Therefore, summary judgment is due to be GRANTED in favor of the Defendant as to the claim in Count I

As to Count II's claim of disability discrimination, assuming *arguendo* – without deciding – that the Plaintiff established her *prima facie* case, the court FINDS for the same

reasons discussed above that the Plaintiff has failed to meet her burden to show that HealthSouth's legitimate, non-discriminatory reason for terminating the Plaintiff was pretextual. Therefore, summary judgment is due to be GRANTED in favor of the Defendant as to the claim in Count II.

      The court will enter a separate Order consistent with these findings, GRANTING the Defendant's motion to strike and further, GRANTING the Defendant's motion for summary judgment in its entirety.

      Dated this 24th day of May, 2012.

                                                                               KARON OWEN BOWDRE
                                                                               UNITED STATES DISTRICT JUDGE